[No. 4434.]

## W. S. MITCHELL *v.* G. HAGGENMEYER AND H. KIER, EXECUTORS OF THE ESTATE OF E. J. WHIPPLE, DECEASED.

EVIDENCE IN ACTION AGAINST EXECUTOR.—In an action brought against an executor upon a claim against the estate, the deposition of the plaintiff cannot be read in evidence since the amendment to the Code of Civil Procedure, which took effect July 1, 1874, even if the deposition was taken before said amendment was passed.

POWER OF LEGISLATURE OVER EVIDENCE.—The Legislature has the power to change or modify the rules of evidence at any time, and may exclude depositions which were admissible when taken.

APPEAL from the District Court, Seventh Judicial District, County of Mendocino.

The action was commenced on the 9th day of June, 1873, to recover judgment on a claim against the estate of Whipple, which had been rejected by the executors. The deposition of Mitchell, the plaintiff, was taken on the 10th day of October, 1873. It was taken on the ground that Mitchell was too ill to attend the trial. Mitchell died on the 20th of October following. A. J. Lowell, the executor of Mitchell's will, was substituted in his place. The cause was tried on the 30th day of July, 1874. Mitchell's deposition was admitted in evidence. The plaintiff recovered judgment, and the defendant appealed.

*R. McGarvey,* for the Appellants.

A deposition cannot be read simply because it has been taken. A deposition taken in *perpetuam rei memoriam* can-

not be read if the witness be living. The deposition was taken *de bene esse*, and had Mitchell recovered, the deposition could not have been read, nor could he have testified in the case if present. (1 Greenl. Ev. 325.)

*W. W. Pendegast and J. B. Lamar*, for the Respondent.

The amendment to the Code of Civil Procedure (section 1880, as amended), took effect July 1, 1874. It is provided in the act adopting those amendments, that "All provisions of law inconsistent with the provisions of this act are hereby repealed; but no rights. acquired or proceedings taken under the provisions repealed shall be impaired, or in any manner affected by this repeal," etc. (Section 2104, amendments to Code of Civil Procedure.) To construe the amendment in question to have a retroactive effect is obnoxious to every principle of justice. In this case suit was commenced and the deposition taken under the repealed provision several months before the amendment relied upon by appellant took effect, or was conceived by the Legislature. Appellant contends that retrospective action of the amendment of section 1880 to the case at bar, "may affect the remedy, but not the right."

By the COURT:

The deposition of the plaintiff Mitchell was improperly admitted in evidence. Section 1880 of the Code of Civil Procedure, as amended, and which took effect July 1, 1874, provides that "parties to an action or proceeding, or in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim against the estate of the deceased," shall not be witnesses in the cause. The deposition, though taken before, was offered in evidence after this amendment took effect, and if Mitchell had been living at the time of the trial it is clear he could not have been examined as a witness, and his deposition can stand on no better footing. The fact that the deposition was admissible evidence, as the law stood when it was taken, does not affect the question. It is competent for the Legislature to change or modify the rules of evidence at any time. Nor

was the right to use the deposition as evidence saved to the plaintiff by section 2104 of the Code of Civil Procedure. Had Mitchell been produced as a witness at the trial he certainly could not have been permitted to testify in the case; his deposition, being a mere substitute for his personal appearance in court, is necessarily subject to any objection that could have been taken to his testimony if offered orally.

Judgment and order reversed, and cause remanded for a new trial.