[S. F. No. 1961.    Department Two.—January 29, 1900.]

## C. C. SWAFFORD, Appellant, v. BOARD OF EDUCATION OF CITY OF PETALUMA et al., Respondents.

APPEAL—REVIEW—ARGUMENT.—Upon appeal from a judgment and from an order denying a new trial, the appeal from the judgment cannot be considered if taken too late; and the sufficiency of the evidence will not be reviewed upon appeal from the order denying the new trial, where the brief of the appellant relies only upon alleged errors of law, occurring at the trial.

ACTION FOR BREACH OF CONTRACT — DISCHARGE FROM EMPLOYMENT AS TEACHER—EVIDENCE—EMPLOYMENT OF PREDECESSOR.—In an action against a board of education, and the members thereof, to recover as damages for the breach of an alleged contract of employment as teacher for a stated period at a fixed salary, the amount of salary which would have been received if plaintiff had not been discharged, evidence of the employment of plaintiff's predecessor at the same monthly salary, and of his continuing to act for one year, and of his resignation, and the choice

of plaintiff as his successor, is irrelevant and immaterial, and does not tend to prove the contract alleged.

ID.—GENERAL OFFER OF EVIDENCE.—Where an offer of evidence includes many different propositions grouped together, if the proof of any proposition is incompetent, irrelevant, or immaterial, the ruling of the court in rejecting the entire offer must be sustained.

ID.—EVIDENCE OF SPECIAL MEETING OF BOARD—CHARGES OF UNPROFESSIONAL CONDUCT—GENERAL MOTION TO STRIKE OUT.—Evidence received of a special meeting of the board of education to investigate charges of unprofessional conduct against the plaintiff, prior to his discharge, is not reached by a general motion "to strike out the testimony thus far introduced, partially upon the ground that it appears that no notice had been given" to a certain member of the board of education. The motion is broad enough to include all the evidence in the case, and was correctly denied.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.  S. K. Dougherty, Judge.

The facts are stated in the opinion.

H. G. Walker, for Appellant.

J. P. Rogers, and F. A. Meyer, for Respondents.

COOPER, C.—This is an appeal from a judgment and an order denying motion for a new trial.  The complaint alleges that in the month of December, 1894, the defendant, as a corporation, "by a resolution duly elected and employed the said plaintiff as teacher of the Petaluma High School" for the term of six months, commencing on the first day of January, 1895.  "That the salary and compensation attached to the position of teacher of said school, and which the said plaintiff was to receive according to the terms of said resolution and contract of employment, was one hundred and sixty-five dollars per month for said term of six months."  That plaintiff entered upon his duties as such teacher and taught said school up to February 20, 1895, when defendant paid him two hundred and forty-seven dollars and fifty cents, being his salary in full up to said time, and, that the defendant then wrongfully discharged him and refused to allow him to complete his term under his contract.  Damages are

asked in the sum of seven hundred and forty-two dollars and fifty cents, being the amount that it is claimed plaintiff would have earned at the rate agreed upon if allowed to complete his term according to contract. The case was tried without a jury. The learned judge of the court below, after hearing the evidence, found that the defendant never, by resolution or otherwise, employed the plaintiff for the term specified, or for any other term, and that no fixed salary or compensation was attached to the position of such teacher. That the defendant never wrongfully or in any manner prevented plaintiff from performing any services or duties, and that plaintiff has not been damaged by defendants in any sum or at all. Judgment was accordingly entered against plaintiff March 7, 1898. The notice of appeal from the judgment was not served or filed till April 11, 1899, and counsel for defendants object to the appeal from the judgment being considered because not taken within the time prescribed by statute. The plaintiff's attorney concedes that the appeal was not taken in time and therefore the appeal from the judgment will not be considered. This leaves for consideration the appeal from the order denying the motion for a new trial. The attorney for plaintiff in his opening brief says that he "will not touch upon matters respecting the judgment in so far as a reviewing of the evidence is concerned, but will direct attention to errors of law upon which appellant relies." It will, therefore, be assumed that the findings are supported by the evidence and that the judgment is the legal conclusion from the facts found.

It is urged as the principal ground for reversal of the order denying the new trial that the plaintiff offered to prove that by resolution of defendant passed on the thirtieth day of June, 1890, the salary of the principal of the said high school was fixed at one hundred and sixty-five dollars per month, and that the court erred in refusing to hear such proof. The record illustrates the position in which counsel are often placed by offering to prove certain facts in order to save exceptions instead of asking the questions and taking a ruling upon the questions so asked. In this case it appears that after the close of defendants' evidence the plaintiff was called in rebuttal. After some discussion as to whether or not the offered evidence was

in rebuttal, the court, in the exercise of its discretion, allowed the plaintiff's attorney to offer it as part of his evidence in chief. The offer covers some five folios of the transcript, and it is not necessary here to give it in full. Among other things, counsel for plaintiff "offered to prove" that on the thirtieth day of June, 1890, I. S. Crawford was principal of the Petaluma High School and continued as such until the twenty-ninth day of June, 1891. That by resolution passed on the thirtieth day of June, 1890, the salary of the principal of said school was fixed at one hundred and sixty-five dollars per month. That Professor Crawford continued to teach until June 29, 1891, when his resignation was received and, on motion, accepted. That the board then proceeded to ballot for his successor. That the names of several candidates were proposed, and, upon ballot being taken, plaintiff was elected as successor of said Crawford. That plaintiff thereupon entered upon his duties as teacher and continued to teach up to the sixteenth day of February, 1895, receiving one hundred and sixty-five dollars per month during all that time. That the salary of plaintiff was paid by warrants drawn by the board of education upon the treasurer of the city of Petaluma.

Counsel for plaintiff offered to prove all the above facts "by the minutes of the board of education and other testimony." The offer was objected to as being incompetent, irrelevant, and immaterial. The objection was sustained, and plaintiff's counsel excepted. We think the ruling correct.

The offer included many different propositions grouped together, and, if the proof of any one proposition was incompetent, irrelevant, or immaterial, the ruling should be sustained. It certainly does not appear to us that evidence as to one Crawford being principal of the high school in June, 1890, that he continued to teach until June, 1891, and then resigned, that the resignation was accepted, that several candidates were proposed to fill the vacancy, that the salary of the plaintiff was paid by warrants drawn on the treasurer, would have been material or relevant to any issue before the court.

Plaintiff had alleged an express contract made in December, 1894, under and by the terms of which he was to receive one hundred and sixty-five dollars per month for six months.

There was no issue as to the amount of plaintiff's salary. He received one hundred and sixty-five dollars per month for the time he was employed. He claimed employment under an express contract made in December, 1894. A contract made with a different party in June, 1890, would not tend to prove the express contract alleged.

There is evidence in the record as to a special meeting of the board of education of Petaluma on February 16, 1895, for the purpose of investigating certain charges of unprofessional conduct preferred against plaintiff as principal of said high school. It is claimed that the court erred in refusing to strike from the record all evidence as to such special meeting, for the reason that the same was illegal and called without proper notice. We fail to find in the record any motion to strike out such evidence. After the counsel for defendants had examined one Haskell in regard to various matters, including the said special meeting, counsel for plaintiff moved "to strike out the testimony thus far introduced partially upon the ground that it appears that no notice had been given to this member of the board of education."

It does not appear that any motion was made to strike out the evidence as to the special meeting. The motion was broad enough to include all the evidence in the case, including that of plaintiff. The motion was correctly denied.

We find no error in the record and advise that the order be affirmed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          Henshaw, J., Temple, J., McFarland, J.