[Civ. No. 17304. First Dist., Div. Two. June 4, 1958.]

THE BOARD OF TRUSTEES OF THE CONTRA COSTA . JUNIOR COLLEGE DISTRICT et al., Respondents, v. JOHN SCHUYTEN, Appellant.

[Civ. No. 17305. First Dist., Div. Two. June 4, 1958.]

THE BOARD OF TRUSTEES OF THE RICHMOND UNION HIGH SCHOOL DISTRICT et al., Respondents, v. INEZ G. SCHUYTEN, Appellant.

Lawrence Speiser and Albert M. Bendich for Appellant.

Francis W. Collins, District Attorney (Contra Costa), and John B. Clausen, Deputy District Attorney, for Respondents.

DOOLING, J.—The appeals of John Schuyten and Inez G. Schuyten, though presented on separate records, were consolidated in this court and both appeals present identical questions of law. Appellant John Schuyten was a certificated employee of Contra Costa Junior College District, employed as a teacher by the district from 1950 to the date of his discharge. Appellant Inez G. Schuyten was similarly employed as a teacher by Richmond Union High School District from 1949 until her discharge.

On May 8, 1954, both appellants appeared before a one-man subcommittee of the Fact Finding Committe of the California Senate on Un-American Activities. They had been given less than 24 hours notice to appear for this hearing and requested a continuance to enable them to consult with their attorney and to be represented by him in their interrogation by the subcommittee. This request was denied and the interrogation proceeded under a stipulation by which, as found by the trial court, as to any question which either refused to answer, such "defendant refused to answer said questions on the basis of all legal and constitutional rights, both State and Federal, available to the defendant, including, specifically, but not limited to the First and Fifth Amendments to the United States Constitution and the corresponding sections of the Constitution of the State of California."

Both appellants refused to answer various questions about their past associations and activities, including the following questions:

Appellant John Schuyten refused to answer this question:

"Q. Is it not a fact that you were a member of the Communist Party during the years 1946 and 1947 and up to and including a portion of the year 1950?"

Similarly appellant Inez G. Schuyten refused to answer this question put to her:

"Q. Is it not a fact, Mrs. Schuyten, that you were a member of the Communist Party at the time you accepted the position that you now attain and that your membership in the Communist Party continued during the years 1946, 1947 and up to and including part of the year 1950?"

Each appellant was given a notice of intention to dismiss him from his position on the ground that the failure to answer these questions was a violation of Education Code, section 12604, each demanded a hearing and respondent thereupon instituted these actions in the superior court to dismiss appellants under section 13529 of the Education Code.

The portion of section 12604, Education Code, which is here involved provided at that time (Stats. 1953, p. 3341):

"It shall be the duty of any employee of any school district who may be subpenaed by . . . a California Legislative Un-American Activities Committee or a subcommittee thereof . . . to appear before said committee or subcommittee and specifically to answer under oath a question or questions propounded by any member or counsel of the committee or subcommittee relating to:

" . . . . . . . . . .

"(d) Past knowing membership of such employee in the Communist Party at any time since September 10, 1948.

" . . . . . . . . . . :

"Any employee who fails or refuses to answer . . . any such question . . . shall be guilty of insubordination and guilty of violating this section and shall be suspended and dismissed from his employment in the manner provided by law."

It is conceded by counsel for respondents that the failure to answer the two questions quoted above is the sole ground relied upon by respondents as justification for the judgments discharging appellants from which these appeals are taken.

Various constitutional attacks are leveled against the judgments and the proceedings leading up to them, but in our view these need not be considered. It is to be noticed that the Legislature, for reasons best known to it, in this section and in the cognate section 12602 (Stats. 1953, p. 3341) enacted at the same time, fixed a demarcation point at September 10, 1948. With membership in the Communist Party prior to that

date neither section concerns itself. It is only with regard to membership in the Communist Party at any time since September 10, 1948, that a teacher must file the affidavit required by Education Code, section 12602, and it is only the refusal to answer questions concerning membership in the Communist Party since September 10, 1948, which is made grounds for dismissal by Education Code, section 12604.

In view of this fact counsel for appellants point out that each of the crucial questions here involved was compound or duplicitous in relation to the provision of section 12604, subdivision (d), in that in each the appellant was asked in a single question about membership in the Communist Party both before September 10, 1948, and after September 10, 1948. As to that portion of each integrated question which was addressed to the period from 1946 to September 10, 1948, the appellant was privileged by the express terms of the section to refuse to answer it without incurring the penalty of dismissal.

Counsel for respondents argue that no objection to the compound form of the question was interposed before the subcommittee. The stipulation, as found by the trial court, under which the testimony was given could not have been broader. We repeat "defendant refused to answer . . . on the basis of *all legal* and constitutional rights . . ." The stipulation was proposed to meet appellants' request for a continuance so that they might have the benefit of their attorney's presence in the protection of their rights at the hearing. It was intended to be and is broad enough in its language to cover any legal objection which their attorney might have interposed on their behalf had he been present. To construe it as not including objection to a compound question a part of which appellants had the legal privilege by force of the statute to refuse to answer without incurring the penalty of dismissal would be to ignore the realities. The senator acting as the one-man subcommittee stated the stipulation in the following language:

"And then you will make the stipulation, and I want this clear in the record for your sake, and be sure there is no misunderstanding about it, that the witness declines to answer the questions on the grounds of all the legal and constitutional rights, both State and Federal, that may be available to her."

Counsel for respondents further argue that the question was not raised in the trial court. It was in fact raised at the first possible opportunity by the demurrer to each complaint, the demurrer pointing out specifically, after quoting the compound

question, in Mrs. Schuyten's case that "Section 12604 covers only questions relating to membership in the Communist Party since September 10, 1948," and a similar specification being found in the demurrer interposed by Mr. Schuyten.

The vice of the compound or duplicitous question is generally recognized. (27 Cal.Jur., Witnesses, § 56, pp. 73-74; 58 Am.Jur., Witnesses, § 567, p. 317; 98 C.J.S., Witnesses, § 328, pp. 33-34; *Godfrey* v. *Miller*, 80 Cal. 420, 423 [22 P. 290]; *Davis* v. *Baugh*, 59 Cal. 568, 578.) Particularly is such a question objectionable when it includes both inadmissible and admissible matters. In such cases the objection to the entire question is properly sustained. (*Davis* v. *Baugh*, *supra*, 59 Cal. 568, 578; 27 Cal.Jur., Witnesses, § 56, p. 73; 58 Am.Jur., Witnesses, § 567, p. 317.)

In the comparable situation of an offer of proof it is stated in 1 Wigmore on Evidence, 3d ed., section 17b(2), page 320: "If *several facts* are included in the offer, some admissible and others inadmissible, then the whole (if properly objected to) is inadmissible; in other words, it is for the proponent to sever the good and the bad parts." (Emphasis the author's.) This rule is well settled in the decisions of our own courts. (*Swafford* v. *Board of Education*, 127 Cal. 484, 487 [59 P. 900]; *Shumate* v. *Johnson Publishing Co.*, 139 Cal. App.2d 121, 134 [293 P.2d 531]; *Eaton* v. *Brock*, 124 Cal. App.2d 10, 16 [268 P.2d 58]; *Clark* v. *Bradley*, 106 Cal. App.2d 537, 545 [235 P.2d 439]; *Lewis* v. *Western Truck Line*, 44 Cal.App.2d 455, 465 [112 P.2d 747].)

The unfairness of the composite questions in this case is particularly clear. In neither question was the date fixed by section 12604, i.e. September 10, 1948, specified or referred to. In the single sweeping question each appellant was asked about membership in the Communist Party from 1946 until 1950. As to the period between 1946 and September 10, 1948, the Legislature had given appellants the privilege of refusing to answer without incurring the penalty of dismissal. How were they to exercise this privilege in the face of a question which integrated such a period of time with another period of time as to which such privilege was denied them by the same statute? To meet their objection of appearing without the legal protection of their attorney's presence the senator acting as subcommittee voluntarily offered them a stipulation, which they accepted, that their refusal to answer any question would be on every legal ground open to them. An objection that the questions included a period of time as to which they were

privileged by the statute to refuse to answer without incurring the penalty of dismissal with a period of time as to which they had no such statutory privilege, if expressly interposed, would have been good. The broad stipulation under which they were testifying must be held to be the equivalent of such an objection.

It must be remembered that appellants were not charged with past or present membership in the Communist Party. Respondents' counsel expressly disavow any such claim. They were charged with, and the whole case against them rests on, the failure to answer the two questions quoted herein. Their refusal to answer those questions is not proof that if they had been asked any question limited to a time after September 10, 1948, they would have refused to answer such question. The plain fact is that they were never put to that test.

On the record before us we must hold that the violation by appellants of Education Code, section 12604, subdivision (d) was not proved.

The judgments are reversed with directions to the trial court to enter judgments for appellants.

Draper, J., concurred.

KAUFMAN, P. J.—I dissent. Here the superior court very properly concluded from the record that judgment be entered dismissing appellants as school teachers in our public school system.

Appellants, husband and wife, were school teachers in Contra Costa County. They appeared before a subcommittee of the California Senate Fact-Finding Committee on Un-American Activities in California. They were interrogated about past Communist Party membership and knowledge or connection with other organizations and persons. They refused to answer these questions.

On May 14, 1954, notices of intention to suspend and dismiss appellants as school teachers were served on them. Appellants demanded hearings and respondents instituted these actions in the Superior Court under Education Code, section 13529.

The specific testimony of appellants, cited in the charges filed against them, is as follows:

"Q. Have you ever been a member of the Communist Party, Mr. Schuyten? A. I decline to answer.

"Q. Is it not a fact that you were a member of the Commu-

nist Party during the years 1946 and 1947 and up to and including a portion of the year 1950? A. I decline to answer."

The testimony of appellant Inez Schuyten cited in the charges filed against her involved questions about her knowledge of or affiliation with the California Labor School, the Tom Payne Club of the Communist Party and the Joint Anti-Facist Refugee Committee. She was asked if she attended meetings of the Communist Party held at the home of Professor Haakon Chevalier and if she was acquainted with Professor Chevalier or Frank Oppenheimer when she was an undergraduate at the University of California. All these questions she declined to answer asserting her constitutional and legal rights.

The following testimony also occurred:

"Is it not a fact, Mrs. Schuyten, that you were a member of the Communist Party at the time you accepted the position that you now attain and that your membership in the Communist Party continued during the years 1946, 1947 and up to and including part of the year 1950? A. I decline to answer."

Section 12604 of the Education Code provides:

"It shall be the duty of any employee of any school district who may be subpoenaed by a United States Congressional Un-American Activities Committee or a subcommittee thereof or a California Legislative Un-American Activities Committee or a subcommittee thereof or any other committee or subcommittee of the United States Congress or the California Legislature or of either house of either thereof to appear before said committee or subcommittee and specifically to answer under oath a question or questions propounded by any member or counsel of the committee or subcommittee relating to:

"(a) Present personal advocacy by the employee of the forceful or violent overthrow of the Government of the United States or of any state or political subdivision.

"(b) Present knowing membership in any organization which, to the knowledge of such employee, advocates the forceful or violent overthrow of the Government of the United States or of any state or political subdivision.

"(c) Past knowing membership at any time since September 10, 1948, in any organization which, to the knowledge of such employee, during the time of the employee's membership advocated the forceful or violent overthrow of the Govern-

ment of the United States or of any state or political subdivision.

"(d) Past knowing membership of such employee in the Communist Party at any time since September 10, 1948.

"(e) Present knowing membership of such employee in the Communist Party.

"Any employee who fails or refuses to answer under oath on any ground whatsoever any such question propounded by any member or counsel of any such committee or subcommittee shall be guilty of insubordination and guilty of violating this section and shall be suspended and dismissed from his employment in the manner provided by law." (The 1955 amendment is not applicable here.)

Section 12607 provides:

"Any certificated employee of a school who violates any of the provisions of Sections 12601 to 12606 inclusive of this code shall be guilty of unprofessional conduct and shall be suspended and dismissed in the manner provided by law."

Section 13521 provides in part: "No permanent employee shall be dismissed except for one or more of the following causes: . . .

"(j) Violation of any provision in Section 12601 to 12607, inclusive, of this code."

It was held in *Board of Education* v. *Mass*, 47 Cal.2d 494, 497 [304 P.2d 1015], that "The State of California has the power to require teachers in our public schools, as a condition to continued employment, to give evidence with respect to matters bearing upon their fitness to teach." It has been established by legislative findings and judicial decisions that the Communist Party is a continuing conspiracy against our Government. Loyalty on the part of public employees is essential to orderly and dependable government and is therefore relevant to fitness for employment. A teacher may be properly required to disclose information relative to fitness and loyalty as a reasonable condition for obtaining or retaining public employment, even though the disclosure under some circumstances may amount to self-incrimination. (See *Steinmetz* v. *California State Board of Education*, 44 Cal.2d 816 [285 P.2d 617].)

Appellants contend that there is no evidence that they violated the Dilworth Act. They claim that the only question propounded by the subcommittee relating to the categories listed was the one directed to each of them concerning whether each was a member of the Communist Party "during

the years 1946, 1947, and up to and including part of the year 1950.''

Since subdivision (d) of section 12604 of the act involves ''past knowing membership of such employee in the Communist Party at any time since September 10, 1948,'' an employee could not be discharged for refusing to answer as to 1946 or 1947, but certainly could be discharged for refusing to answer as to membership since September 10, 1948. It is true that this question was somewhat compound, but it certainly was not misleading and did not result in any prejudice to the appellants. The question was clearly related to and included the subject matter of section 12604, subdivision (d). Appellants did not specifically object to the form of the question at the hearing, nor did their answer to the complaint raise that issue. There is no showing that they misunderstood the question and the record shows that they were clearly asked if they were members of the Communist Party since September 10, 1948.

Question asked by committee of John Schuyten was ''Have you *ever* been a member of the Communist Party?'' Ans. ''I decline to answer.''

Dilworth Act provides:

Subd.(e) Present knowing membership in Communist Party.

Subd.(c) Past knowing membership in Communist Party since September 10, 1948.

The question asked by the committee is substantially within the act and should have been answered.

The majority opinion reverses the judgment of the trial court on a technicality and without any showing of prejudice to the appellants. I cannot vote to overthrow the judgment of dismissal on such a technicality.

Furthermore, from the record the trial court impliedly found that appellants were not misled by the so-called compound questions and had no intention of answering any questions touching on their fitness to teach.

It is clear to me that the appellants have violated both the letter and the spirit of the Dilworth Act and they should be dismissed as school teachers. They have demonstrated their unfitness to teach our children in the public schools. Are the people of California required to retain school teachers who refuse to honestly and truthfully answer the questions hereinbefore set forth? In my opinion the answer is no, and the judgment of dismissal should be affirmed.