[Civ. No. 7194. Fourth Dist. Dec. 7, 1964.]

GOVERNING BOARD OF THE FULLERTON JUNIOR COLLEGE DISTRICT OF ORANGE COUNTY, Plaintiff and Respondent, v. WENDELL B. PHILLIPS, JR., Defendant and Appellant.

Marshall Ross, A. L. Wirin and Fred Okrand for Defendant and Appellant.

George F. Holden and Adrian Kuyper, County Counsel, and Clayton H. Parker, Assistant County Counsel, for Plaintiff and Respondent.

BROWN (Gerald), J.—The defendant Wendell B. Phillips, Jr., appeals from a judgment which authorized the plaintiff school board to dismiss him from his position as a welding teacher, under the provisions of the Education Code, sections 12956, 12958 and 13403.

Phillips was hired in August 1961 and became a certificated probationary employee of the school district. On December 1, 1961, the district superintendent received a call from a confidential informant suggesting an investigation of Phillips' background. The superintendent interviewed Phillips and learned he was a former member of the Communist Party. This prompted a hearing before the board December 18, 1961, pursuant to section 12956 which required answers under oath on matters specified in section 12955; failure to answer questions on such matters is insubordination, necessitating suspension and dismissal.

In substance section 12955 required answers of the school employee relating to his

(1) Present personal advocacy of forceful or violent overthrow of our government;

(2) Past or present "knowing membership," in any organization which, to the employee's knowledge, advocates the forceful or violent overthrow of our government;

(3) Past or present "knowing membership" in the Communist Party; and

(4) Present personal advocacy of support of foreign government against our country in case of hostilities.

Both sides were represented by attorneys at the hearing. The board president announced no charges were pending against Phillips; the sole purpose was to seek information from him. Phillips presented a written statement saying that he had been a socialist 25 years; that he does not advocate the forceful or violent overthrow of our government, nor has he "knowingly" belonged to an organization advocating such; that he joined the Communist Party in 1938 and left it in 1951; that he sought readmission in 1957, but he was denounced and his application rejected; that he confined his school instruction to the field of welding; and that he adheres to the American traditions of democracy and believes in academic freedom.

The board's attorney examined Phillips. Some of the matters covered in the written statement were reiterated. In addition it was learned that on leaving the Communist Party in 1951 Phillips ceased paying dues, stopped attending meetings and no longer had any contact with the party. His effort to rejoin the party in 1957 was prompted by realizing the appalling results of Stalinism, and it was conditioned upon his ability to reform the party and bring about internal democracy.

He joined with others in signing two letters appearing in a Socialist Worker Party publication, The Militant, one in 1957 and the other in 1958, protesting how they had been treated by the Communist Party. In his difficulty with the Party in 1957 and 1958 respecting his membership, Phillips took the position that he had all the rights of a member, that he was in fact a party member. That position, however, was denied him, and he was informed he had not been a party member since 1951. Phillips discharged his obligations as an American citizen during World War II; he would support the United States in the event of war with a foreign power, including the Soviet Union.

In substance the only questions Phillips refused to answer related to the identity of others, asking for the names of those whose initials appeared at the end of the letter published in The Militant in 1958, with whom he dealt in 1957 in his efforts to rejoin the Communist Party and the name of the person who denounced him. Before refusing to answer the questions Phillips or his attorney pointed out their desire to be cooperative, requested the board's attorney to state the purpose, relevancy or pertinency of the ques-

tions under section 12955, stated that Phillips expected to answer all questions regarding his own activities which came within section 12955, but that he did not intend to go beyond section 12955 and be an "informer" on others. The board's attorney did not accept any of the requests for an explanation of the purpose or significance of these questions, but merely stated that Phillips' attorney was on his own to determine whether his client should answer; if there was any question he thought Phillips should not answer he had only to so advise him. At no time did the board's attorney demand answers, or warn of the consequence of failure to answer.

Notice by the board of its intention to dismiss Phillips and his request for a hearing were followed by a suit in the superior court charging Phillips with (1) unprofessional conduct in having sworn falsely under the Levering Act that within the past five years he had not been a member of a party advocating the forceful or violent overthrow of our Government when in fact on taking his oath as a school teacher he was "knowingly" a Communist Party member in 1957 and knew the Communist Party advocated the overthrow of our Government by force or violence, (2) having admitted "knowing" Communist Party membership within the past five years by signing the letter published in The Militant in 1958, and (3) unprofessional conduct in refusing to answer the questions described above.

The only evidence presented at the trial was a transcript of the board hearing and a very short examination of the district superintendent, which we have summarized. The trial court found the charges true and authorized the board to dismiss Phillips. The charges form the grounds for appeal.

██ The evidence does not support the findings that Phillips swore falsely under the Levering Act and that he was a "knowing" Communist Party member within the past five years. There was no evidence introduced in the trial court that the Communist Party advocated the forceful or violent overthrow of our Government or that Phillips knew of such. ██ While legislation (e.g., Ed. Code, § 12951) and judicial decisions may be considered and weighed along with other evidence they are not sufficient in and of themselves to establish the fact of such advocacy; judicial notice is not a substitute for the proof required here. (*Mack* v. *State Board of Education,* 224 Cal.App.2d 370, 374, 375 [36 Cal.Rptr. 677].)

What evidence was there that Phillips was a Communist Party member within five years before his employment? He testified he left the party in 1951, stopped paying dues, ceased attending meetings or having anything to do with the party; that when he learned of the shocking results of Stalinism in 1957 he sought to rejoin, taking the position that he was then a member; that position, however, was denied him; the party rejected his application for readmission and held he had not been a member since 1951. He then signed, along with four others, a letter published in The Militant in 1958. This letter did not make a Communist Party member of Phillips. Instead, although it referred generally to "five CP members" it recited that two had forfeited membership status and that Phillips specifically was informed by the party that "he was not a Party member." This supports his testimony at the board hearing that he was not allowed to be a member. Membership is not consummated by mere application or by unilateral thought that one is a member of the Communist Party. Mutuality is necessary, the desire of a person to belong to the Communist Party and the recognition by the party that he is a member. (*Killian* v. *United States*, 368 U.S. 231 [82 S.Ct. 302, 7 L.Ed.2d 256]; *People* v. *Horiuchi*, 114 Cal.App. 415, 423 [300 P. 457].)

The remaining charge concerns the unanswered questions calling for names of persons with whom Phillips associated in 1957 and 1958 in his efforts to rejoin and remake the Communist Party. The board reveals for the first time in its brief on appeal that its "purpose of inquiring of Appellant as to the names of those persons with whom he met in 1957 and 1958 concerning his membership in the Communist Party was *not to learn their names* but rather to find out whether Appellant's version and explanation of his Communist Party membership was correct." (Italics ours.) This purpose was not obvious from the questions. Answers were not demanded of Phillips; he was not told the board did not accept his answers or objections; no explanation of relevance was given to assist him in determining whether the questions came within section 12955. (*Lowenstein* v. *Newark Board of Education*, 33 N.J. 277 [163 A.2d 156, 159, 160, 161]; *Quinn* v. *United States*, 349 U.S. 155, 156 [75 S.Ct. 668, 99 L.Ed. 964, 51 A.L.R.2d 1157]; *Watkins* v. *United States*, 354 U.S. 178, 208, 209 [77 S.Ct. 1173, 1 L.Ed.2d 1273].) It cannot

be assumed that Phillips would have continued to refuse to answer the questions had their relevancy been revealed to him. (*Raley* v. *Ohio*, 360 U.S. 423, 439 [79 S.Ct. 1257, 3 L.Ed.2d 1344].) He testified freely regarding his own status. He stated he wanted to be cooperative and answer questions, but that he would not go beyond the purview of section 12955. He was not required to do so. (Cf. *Board of Trustees* v. *Schuyten,* 161 Cal.App.2d 50 [326 P.2d 223].) With such a vital interest as his employment at stake the board should have explained its purpose or the relevancy of seeking the names of others. Fairness and good faith must be a part of the employer's conduct as well as that of the employee. (*Lowenstein* v. *Newark Board of Education, supra,* 33 N.J. 277 [163 A.2d 156, 159, 160, 161].)

In *Steinmetz* v. *California State Board of Education,* 44 Cal.2d 816 [285 P.2d 617], petitioner's dismissal was upheld because of his refusal to answer two questions whether he was or had been a Communist Party member within the time covered by statute. ■ The court stated: ''A governmental body may, of course, make reasonable inquiries into matters pertaining to the fitness of its employees. ■ Loyalty on the part of those in public employment is important to orderly and dependable government and is, therefore, relevant to fitness for such employment. (*Pockman* v. *Leonard,* 39 Cal.2d 676, 687 [249 P. 2d 267].) ■ An employee's associates, as well as his conduct, are factors which may be considered by a state agency in determining his loyalty, and information on that subject may properly be elicited from him. (*Adler* v. *Board of Education,* 342 U.S. 485, 492-493 [72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R. 472]; *Pockman* v. *Leonard,* 39 Cal.2d 676, 685-687 [249 P.2d 267].) '' (P. 823.) Accord *Huntington Beach Union High School Dist.* v. *Collins,* 202 Cal.App.2d 677, 684 [21 Cal.Rptr. 56], cert. denied, 371 U.S. 904 [83 S.Ct. 210, 9 L.Ed.2d 166]; *Board of Education* v. *Cooper,* 136 Cal.App.2d 513, 523 [289 P.2d 80], involving employees who refused to answer questions about their own membership. ■ The United States Supreme Court said in *Adler* v. *Board of Education,* 342 U.S. 485, 493 [72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R.2d 472]: ''One's associates, past and present, as well as one's conduct may properly be considered in determining fitness and loyalty. From time immemorial, one's reputation has been determined in part by the company he keeps. In the employment of officials and teachers of the school system, the

state may very properly inquire into the company they keep, and we know of no rule, constitutional or otherwise, that prevents the state, when determining the fitness and loyalty of such persons, from considering the organizations and persons with whom they associate.''

 These cases establish that one's associations with persons may be considered and might be relevant in developing the subject matters covered by Education Code, section 12955.

The board should be permitted within the confines of section 12955 to ask questions of Phillips which in fairness, sincerity and good faith will assist in determining his status. Where the board sincerely doubts or has good reason to test his statement or position of nonmembership in the Communist Party within the statutory period, it may inquire of him with whom he associated. But upon request of Phillips, the basis of pertinency must be explained to him before he is required to answer.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 3, 1965.