[No. 3,580.]

# HARRY LINDEN *v*. THE BOARD OF SUPERVISORS OF ALAMEDA COUNTY.

RIGHT OF PRIVATE PARTY TO APPLY FOR WRIT OF MANDATE. — A private party applying for a writ of mandamus must have an interest in the subject matter of the action, which is distinguishable from the mass of the community.

IDEM. — A private person, whose only interest in the matter is the fact that he is an elector in the county, cannot apply in his own name as plaintiff for a writ of mandate, to compel a Board of Supervisors of a county to order an election for the people to vote on the question of the removal of the county seat.

THE county seat of Alameda County had been fixed at San Leandro since 1856. Sections three thousand nine hundred and seventy-six and three thousand nine hundred and seventy-seven of the Political Code require the Board of Supervisors of a county, upon the petition of the electors of the county, equal in number to one third of all the votes cast in the county at the last preceding election, to order an election to be held, to determine the question of the removal of the county seat. The petitioner, Linden, stated that he was a qualified elector in the county, and that on the 22d day of October, 1872, he presented such petition to the Board of Supervisors of said county, praying for an election to be called to determine to what place the county seat

should be removed, but that the Board refused to order such election. The petition was demurred to, because it did not appear that the petitioner was a party beneficially interested.

  W. W. Foote and William Van Voorhies, for Petitioner.

R. B. Moyes and A. H. Griffith, for the Defendants.

By the COURT:

The statute (Pr. Act, Sec. 468) provides that the writ of mandamus shall be issued " on the application of the party beneficially interested." This necessarily means that in an application made by a private party his interest must be of a nature which is distinguishable from that of the mass of the community. (People ex rel. Drake v. Regents, 4 Mich. 98; Heffner v. Commonwealth, 28 Penn. St. R. 108; Sanger v. County Commissioners of Kennebec, 25 Maine R. 291.)

The party applying here appears to have no interest, beneficial or otherwise, other than such interest as each one of the fourteen hundred and fifty-one persons, besides himself, who signed the petition to the Board of Supervisors may be said to have. And either of these would appear to have no other or different interest, beneficial or otherwise, than each of the four thousand and sixty persons who compose the voting population of the county. The interest of each and all of them is only the general interest that every citizen has in the proper discharge of public duties confided by law to public officers. Obviously this is not such an interest as would support an application by any private citizen who may see fit to volunteer to bring a suit in behalf of the public interests; otherwise the result might be some four thousand suits successively brought to compel the performance of the same public duty at the hands of the Board.

Demurrer sustained.