[Civ. No. 1678. Second Appellate District.—May 18, 1915.]

## JOHN W. GEORGE, Respondent, v. ALICE McMANUS, Executrix and EDWARD J. McMANUS, Executor of the last Will and Testament of Joseph McManus, Deceased, Appellants.

NEGLIGENCE—ACTION FOR DAMAGES—DEATH OF PARTY—WHEN ACTION NOT ABATED.—An action for damages for injuries to an automobile alleged to have been caused by the negligence of the defendant, is not abated by the death of the defendant during the pendency of the action, as the common-law rule has been modified by section 1584 of the Code of Civil Procedure, which provides that "Any person . . . may maintain an action against the executor or administrator of any testator or intestate who in his lifetime has wasted, destroyed, taken, or carried away, or converted to his own use, the goods, or chattels of any such person. . . . "

ID.—ACTION AGAINST ADMINISTRATOR—CONSTRUCTION OF SECTION 1584 CODE CIVIL PROCEDURE.—Section 1584 of the Code of Civil Procedure does not apply alone to cases where the deceased has in his lifetime destroyed goods or chattels of which he was in possession, as each of the words, "wasted, destroyed, taken or carried away," must not only be given some effect, but should be construed in accordance with the plain import of the language used; and it is immaterial that the deceased was not benefited by the act.

ID.—INJURIES TO AUTOMOBILE—CONTRIBUTORY NEGLIGENCE WHEN NOT A BAR.—In an action for damages for injuries to an automobile based upon the defendant's negligence, the right of the plaintiff to recover is not barred by his own negligence in operating his own car at the time of the injury in violation of statute, where there is no evidence that such operation contributed in any way to the injuries.

ID.—VIOLATION OF STATUTE.—While the failure of a person to perform a duty imposed upon him by statute is sufficient evidence of negligence on his part, nevertheless such neglect, however illegal, in the absence of evidence showing it to have been the contributing cause of the injury, furnishes no legal ground for complaint.

ID.—EVIDENCE—DISQUALIFICATION OF WITNESS.—It is prejudicial error to permit the plaintiff in an action against an executor for damages for injuries to an automobile based upon the negligent act of the testator in his lifetime, to testify as to the occurrences and facts upon which he based his claim and demand.

APPEAL from a judgment of the Superior Court of the County of Los Angeles and from an order denying a new trial.   Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Wm. A. Freeman, for Appellants.

Avery & French, and George H. Moore, for Respondent.

SHAW, J.—As a result of a collision between two automobiles, one of which was owned by Joseph McManus and the other by plaintiff, that of the latter was badly broken and injured.   Plaintiff, alleging that the injuries to his car were caused by the negligence of McManus, brought this action to recover damages therefor.   Pending suit defendant McManus died, and upon motion of plaintiff, made under section 385 of the Code of Civil Procedure, the personal representatives of McManus were substituted as defendants.

Judgment went for plaintiff, from which, and an order denying their motion for a new trial, the substituted defendants prosecute this appeal.

In addition to their answer denying the material allegations of the complaint, defendants filed a counterclaim alleging that in said collision and by reason of the negligence of plaintiff in operating his car he caused it to collide with the automobile of Joseph McManus, by reason whereof it was broken and injured and for which they asked judgment against plaintiff for the damages so alleged to have been sustained.

Appellants insist that upon the death of defendants' testator the action abated, and therefore the court should have granted a motion to that effect made by them.   It may be conceded that such was the rule at common law.   This rule, however, we think has been modified by section 1584 of the Code of Civil Procedure, which provides that, ''Any person . . . may maintain an action against the executor or administrator of any testator or intestate who in his lifetime has wasted, destroyed, taken, or carried away, or converted to his own use, the goods or chattels of any such person, . . . '' Appellants interpret this statute to apply alone to cases where the deceased has, in his lifetime, destroyed goods or chattels of which he was in possession.   To so construe the section would, in our opinion, deprive it of the meaning intended by

the legislature in enacting it. Each of the words, "wasted, destroyed, taken, or carried away," must not only be given some effect, but should be construed in accordance with the plain import of the language used. The chattels might be taken, carried away, or converted, without being "destroyed," and the converse is likewise true. We think it was the intention of the legislature in adopting the provision to modify the well known common-law rule to the extent that where a deceased person had in his lifetime wrongfully destroyed personal property of another to his damage, such person should have a right of action against the personal representatives of such wrongdoer for the recovery of damages sustained by reason of the wrongful act. It is immaterial that deceased was not benefited by the act, as was the case in *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 478, [41 Pac. 328]. Conceding that the plaintiff's car was damaged by the breaking of certain parts thereof, such as the wheel, bed, top, and frame, it is nevertheless insisted the property was not destroyed. The word "destroyed" is defined to be "to tear down, wrench apart, knock or pull to pieces." The effect of the collision was to render plaintiff's automobile useless for the purpose for which it was intended, and, while not destroyed in the sense of being annihilated, it was, within the meaning of the word used in the statute, *destroyed*.

Basing their contention upon the fact, as found by the court, that plaintiff was operating his car in violation of subdivision 2, section 3, of Act 2331 (1909 Deering's Edition), General Laws, defendants insist that plaintiff's right to recover is barred by his own negligence. While the failure of a person to perform a duty imposed upon him by statute is sufficient evidence of negligence on his part (*Driscoll* v. *Market St. etc. Ry. Co.*, 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591]), nevertheless such neglect, however illegal, in the absence of evidence showing it to have been the contributing cause of the injury, furnishes no legal ground for complaint. (*McKune* v. *Santa Clara V. M. & L. Co.*, 110 Cal. 480, [42 Pac. 980]; *Scott* v. *San Bernardino V. T. Co.*, 152 Cal 604, [93 Pac. 677].) The evidence touching the question and upon which the finding is made is not incorporated in the bill of exceptions; hence there is no evidence tending to show that plaintiff's act in operating his car in violation of said

provision contributed in the slightest degree to the injuries sustained.

Error is predicated upon the fact that the court permitted plaintiff to testify to the matters of fact occurring before the death of defendants' testator and upon which the action was based. Section 1880 of the Code of Civil Procedure, provides: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." Respondent insists that the ruling cannot be reviewed on this appeal for the reason that the record is insufficient to entitle appellants to a consideration of the point made. It is true that the bill of exceptions does not purport to set out all the evidence in the case. It does, however, clearly show that when the case was called for trial plaintiff was sworn in his own behalf and after stating his name and place of residence, proceeded to testify further, when defendants interposed their objections to his testifying as to how the collision occurred; that the objection was overruled, and that "thereafter the plaintiff, John W. George, was allowed by the court, over the objection of defendants, to testify as to all the facts of the collision between his automobile and that of the defendant, Joseph McManus, said plaintiff John W. George being the chief witness on his own behalf. Mrs. Lillian McCambridge also testified to the same effect and to the same facts, being substantially the facts set out in the complaint herein, which testimony was controverted by Agnes McManus, one of the witnesses for the defendants." The order of the court denying defendants' motion for a new trial was based upon this record, and if plaintiff's testimony was erroneously received, it follows that the testimony of Mrs. McCambridge in support of the allegations of the complaint was controverted by defendants' witness Agnes McManus. The burden of proof being upon plaintiff, it cannot be said that had the testimony of plaintiff not been received the conclusion of the court would have been in favor of plaintiff. That the cause of action constituted "a claim or demand" against the estate of Joseph McManus, deceased, in our opinion, admits of no controversy. The judgment rendered was that it be paid, in

27 Cal. App.—27

course of administration, out of the estate. Had his death occurred before the commencement of the action, clearly, under section 1500 of the Code of Civil Procedure, it would, as a condition of maintaining the suit, have been necessary to present the same for allowance against his estate; and unless waived by a failure to plead noncompliance with the statute (*Bemmerly* v. *Woodward*, 124 Cal. 568, [57 Pac. 561]), such presentation and proof thereof was likewise necessary as a condition of recovery, notwithstanding the fact that McManus died after the commencement of the action. (Code Civ. Proc., sec. 1502.) Conceding a strict construction of the provision (*Myers* v. *Reinstein*, 67 Cal. 89, [7 Pac. 192]), nevertheless, since the cause of action is a claim or demand, and the right to recover thereon is based upon matters of fact occurring before the death of McManus, plaintiff should not have been permitted to testify to such facts.

Respondent insists, however, that the statute does not apply to a case where the action is brought *by the personal representatives* of a deceased person to recover upon facts which occurred prior to the death of the testator, and that, inasmuch as defendants filed a counterclaim asking for affirmative action, such fact rendered the testimony of plaintiff competent. In *Sedgwick* v. *Sedgwick*, 52 Cal. 336, it is held that where an action is brought by an executrix upon a demand *not against*, but in favor of the estate, the defendant, though a party to the transaction had with the deceased, is, nevertheless, a competent witness in his own behalf in defending the action. It is apparent, however, upon an examination of the record presented, that the evidence of plaintiff was offered, received, and considered by the court in support of the allegations of his complaint. Since defendants had offered no evidence in support of their counterclaim when plaintiff was called to testify, it is clear therefore that such evidence was not offered in rebuttal of any testimony given by defendants' witnesses. The purpose of the rule is that where the voice of one party to a transaction is closed by death, the other will not be permitted to testify as to the facts of the transaction in enforcing a money demand against the estate of such deceased person. In our opinion, the case falls within the provision of section 1880 of the Code of Civil Procedure, and it was prejudicial error to permit plaintiff to testify as

to the occurrences and facts upon which he based his claim and demand.

The judgment and order are, therefore, reversed.

Conrey, P. J., and James, J., concurred.