[L. A. No. 3956. In Bank.—July 30, 1918.]

MARGARET R. ROSE, Appellant, v. SOUTHERN TRUST COMPANY (a Corporation), Executor, etc., Respondent.

EVIDENCE—SEVERAL FACTS—GENERAL OFFER.—Where an offer of evidence includes different propositions, grouped together, parts of the offer being vulnerable to an objection made, the objection should be sustained.

Id.—Action Against Executor—Testimony Given at Former Trial Inadmissible.—In an action against an executor for services rendered the decedent, neither the testimony of the plaintiff given at a former trial nor her deposition taken therein are admissible, in view of the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure.

Id.—Disqualification of Witnesses—Construction of Section 1870, Subdivision 8, and Section 1880, Subdivision 3, Code of Civil Procedure.—The provisions of subdivision 8 of section 1870 of the Code of Civil Procedure, relating to the testimony of witnesses generally, do not apply to the testimony of a party who is made incompetent as a witness by subdivision 3 of section 1880 of that code.

Id.—Testimony Given in Former Trial—Hearsay.—The testimony and deposition of the plaintiff given in a former trial are purely hearsay, and if not admissible under section 1880, subdivision 3, of the Code of Civil Procedure, cannot be admitted, because of the fact that the decedent had testified on the same subject and that such testimony is available, said decedent having died before the second trial and her executor substituted.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, and Richard Kittrelle, for Appellant.

E. J. Fleming, W. N. Goodwin, Hunsaker & Britt, and Le Roy M. Edwards, for Respondent.

MELVIN, J.—This case was twice heard by the district court of appeal and upon the original hearing an opinion was prepared by Mr. Justice Works (serving *pro tempore*). It was in part as follows:

"This is an appeal from the judgment and from an order denying a motion for a new trial.

"The action was commenced against Frances L. Mooers, but she has since died and respondent has been substituted as her executor. Appellant sought a recovery of the amount alleged to be due upon a contract by which Mrs. Mooers agreed to pay Mrs. Rose the sum of five thousand dollars for acting as her nurse and companion during a journey to Europe. The trip was taken and upon the return of the parties certain

troubles arose between them which ended in action brought by Mrs. Mooers against Mrs. Rose. That litigation will, for convenience, be referred to as the old case. It is necessary to describe that case only to the extent of saying that it involved the question whether a sum of money which passed between the parties had to do with a certain transaction concerning corporate stock, or whether it related to the contract sued on in this action. The death of Mrs. Mooers occurred before the trial of the present action.

"At the trial of this action the appellant offered in evidence a part of the transcribed testimony of Mrs. Mooers in the old case and it was received without objection. A portion of the testimony of Mrs. Rose in that case was then offered, but objection was made and the evidence was excluded. The correctness of the ruling is challenged and the first question on this appeal is presented. The evidence was refused admission under the language of subdivision 3 of section 1880 of the Code of Civil Procedure, which, with the introductory portions of the section, reads: 'The following persons cannot be witnesses: . . . Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person.' Subdivision 8 of section 1870 of the same code provides that 'The testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties' as those in a present litigation, 'relating to the same matter' as that involved in such litigation, is receivable in evidence therein. The appellant contends that the testimony of Mrs. Mooers in the old case was admissible under the section last quoted and that, therefore, the provisions of section 1880 cannot operate to exclude the testimony of Mrs. Rose in the same case."

A decision was reached regarding the admissibility of the proffered testimony, but upon motion the case was reheard and then for the first time a new question was presented. The district court of appeal then decided, upon the authority of *Stone* v. *Hunt*, 114 Mo. 66, [21 S. W. 454], that even conceding that Mrs. Rose's testimony was receivable at all, it could only be admitted as to matters covered by the testimony of Mrs. Mooers which had been allowed without objection a

place in the record; and that since some of the testimony of Mrs. Rose, offered over respondent's objection, was not pertinent to the subjects covered by the testimony of Mrs. Mooers, the court properly rejected all of the evidence, the rule being that where an offer of evidence includes different propositions, grouped together, parts of the offer being vulnerable to an objection made, the objection should be sustained. (*Swafford* v. *Board of Education*, 127 Cal. 484, [59 Pac. 900].) While the rule is announced correctly by the district court of appeal, we have some doubt of its applicability in this case, because of the general nature of the objection to the transcript of testimony as offered. There was nothing in the offer which indicated the intention of the plaintiff to prove all the facts as a whole or none of them, and in view of the authority of *Lick* v. *Diaz*, 37 Cal. 437–446, we are inclined to the belief that the court's ruling upon the objection to the admission of the proffered portion of the transcript may not be upheld upon the ground that the inadmissibility of a part vitiated the whole offer.

It is not necessary, however, to discuss this subject at length, as we are persuaded that, in view of the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure, neither the testimony of Mrs. Rose, given at the former trial, nor her deposition, which was also offered, was admissible.

The rule of section 1870, subdivision 8, of the Code of Civil Procedure does not apply to the testimony of a party who is incompetent under the provisions of section 1880, subdivision 3, of the same code. The provisions of subdivision 8 of section 1870 of the Code of Civil Procedure relating to the testimony of witnesses generally does not apply to the testimony of a *party* who is made incompetent as a witness by subdivision 3 of section 1880. A disqualified witness is not one who is merely "unable to testify." Such a witness *must not* testify. In the case on trial Mrs. Rose was entirely able and doubtless willing to take the stand and to give her testimony, but the law declared that she *could not be a witness* as to any matter or fact occurring before the death of Mrs. Mooers. To say that such inhibition created merely an inability to testify would ignore the clear meaning of simple language. From their juxtaposition in the statute the words "unable to testify" refer not to a legal but to a *physical* inability to appear upon the witness-stand and there to give testimony. The

ruling of the court in refusing to admit the transcript of the testimony of Mrs. Rose given at the trial of another action was, therefore, entirely proper.

If the testimony of Mrs. Rose is inadmissible under section 1880, subdivision 3, there is no ground for holding it admissible at all. It is purely hearsay, and to permit the introduction because of the fact that the decedent had testified on the same subject and that such testimony was available would be judicial legislation.

The deposition of plaintiff taken in the former action was also offered and rejected. It was clearly inadmissible upon the principles discussed above and upon the authority of *Mitchell* v. *Haggenmeyer,* 51 Cal. 108.

Our conclusion upon these matters makes it unnecessary to pass upon the question whether or not the superior court correctly held that the claim sued upon was barred by the statute of limitations.

The judgment and order are affirmed.

Wilbur, J., Sloss, J., Shaw, J., Richards, J., *pro tem.,* Lorigan, J., and Angellotti, C. J., concurred.

Rehearing denied.