[Civ. No. 5484.   Fourth Dist.   Aug. 16, 1957.]

GEORGE W. MILLER, JR., Appellant, v. JOHN L. DuBOIS et al., Respondents.

Dickenson, Sattinger & McKee and R. A. McKee for Appellant.

Horton & Knox for Respondents.

BARNARD, P. J.—The plaintiff brought this action against John L. DuBois alleging that he suffered personal injuries and property damage as a result of DuBois' negli-

gence. The action arose out of a collision between automobiles driven by these parties, which occurred on April 4, 1953. Seven months after the complaint was filed Mr. DuBois died, from causes not related to the accident, and the executrix of his estate was substituted as defendant in the action. Thereafter, a claim for the damages described in the complaint was presented to the executrix and rejected.

When the matter came on for trial counsel for the plaintiff stated that he intended to call the plaintiff to prove the facts relating to the accident and the liability of Mr. DuBois himself, and of his estate as successor in interest; that the plaintiff is the only witness they would have to prove the facts that existed prior to the death of Mr. DuBois and surrounding the accident; and that while he was informed that there were two other witnesses to the accident they are both residents of Mexico and not available to the plaintiff. Counsel for defendant stated that, if Mr. Miller was thus called as a witness, he would object on the ground of section 1880 of the Code of Civil Procedure. A motion for nonsuit was made and granted, it being stipulated that the plaintiff is the only witness available to produce any evidence of liability on the part of defendant; that if Miller were called as a witness on behalf of plaintiff the defendant would object to his testifying as to any fact, matter or thing occurring prior to the death of Mr. DuBois, on the basis of section 1880, insofar as such testimony would support the claim of plaintiff against the defendant; and that this objection would be sustained by the court on the ground stated. The plaintiff has appealed from the judgment of nonsuit which followed.

The sole issue presented is whether, in this action against an estate based on tort, the plaintiff had a right to testify in support of his claim, as to any such matter or fact occurring before the death of the decedent, in view of the provisions of section 1880, subdivision 3 of the Code of Civil Procedure. That section provides that a party to an action against an executor or administrator ''upon a claim, or demand against the estate of a deceased person'' cannot be a witness ''as to any matter of fact occurring before the death of such deceased person.'' The one case in this state directly passing on this issue is *George* v. *McManus,* 27 Cal.App. 414 [150 P. 73], in which it was held that it was prejudicial error to permit the plaintiff to testify, in such a case, as to the material facts upon which he based his claim, although

another witness had testified to the same facts her testimony having been controverted by another witness for the defendant executors.

The appellant contends that the Legislature, in adopting section 1880, subdivision 3, did not intend it to apply to a tort action, and that to apply it in such an action would work an injustice on living persons. It is argued that, since a personal injury action did not survive the death of a tort feasor and a claim for personal injury did not have to be filed in the estate, at the time section 1880 was adopted, it could not have been intended to apply to such a claim; that since sections 1880 and 1493 of the Code of Civil Procedure were both amended in 1873-1874, and section 1493 referred to contractual claims only, the use of the word "claim" in section 1880 must have been intended to have the same meaning it had in section 1493; that the Legislature could not have been concerned with claims arising from injuries to person or property in 1873-1874 since such actions were then "still in the infancy stages of development"; that the purpose of this statute is to protect an estate from "the possibility of fraud, perjury and injustice"; that this purpose would not be violated by allowing such testimony in a tort action; that the probability of fabrication is much less in an action for damages to person and property than in an action based on oral agreements or communications with the deceased; and that in a negligence action the trier of fact can "ascertain to his satisfaction" the facts leading to the damage without relying on the plaintiff's own testimony.

Section 1880, subdivision 3, has for many years been in a separate Part and Title of that code which relates to the admissibility and effect of various kinds of evidence, including the competency of witnesses to testify. The language of that statute is clear and definite, and its obvious purpose would naturally indicate that it was intended to apply to any action against an estate wherein a money judgment was sought. Although section 1493 of that code then referred to "a claim arising upon a contract," section 1880, subdivision 3, does not refer to any contractual matter and uses the broad language "claim or demand." The language used does not indicate any intention to make a distinction with respect to how the claim arose. To construe that statute as not intended to apply to a tort action, would be to impliedly amend it by adding something which the Legislature has never seen fit to include therein. The Legislature, between 1931 and

1949, has made a number of changes in the probate code, enlarging the right to maintain actions of this nature, providing that such claims must be filed in the estate, and providing (§ 709) that when the defendant in a pending action dies the plaintiff must file his claim in the estate proceeding. After those changes were made, such an action as this is in fact being prosecuted against the executor upon a claim or demand against the estate. The fact that these various changes have been made without amending section 1880, subdivision 3, and without providing for any change in the manner of proving such claims, strongly indicates that the Legislature has not intended to change the expressed meaning of that statute.

By its terms, section 1880, subdivision 3, is concerned with the matter of proving a claim or demand as against an estate, and not with the precise form of the action being prosecuted for that purpose. The purpose of that statute is to prevent a claimant from depleting an estate by proving by his own testimony that which the decedent might perhaps disprove were his lips not sealed by death. "Its declared purpose is to protect the estate from the possibility of fraud, perjury and injustice." (*Estate of Kitchen*, 192 Cal. 384 [220 P. 301, 30 A.L.R. 1008].) There is no logical reason why that purpose is not just as applicable in a tort action as in one which is contractual in nature. "Where the reason is the same, the rule should be the same." (Civ. Code, § 3511.) The possibility of injustice, arising from testimony which cannot be contradicted or met by opposing testimony, is as great in a tort action as in one based on contract, if not more so. How, in the instant case, the trier of fact could have satisfactorily ascertained the facts necessary to show liability without considering the appellant's testimony is not explained, and could not well be explained. It would seem that this statute should be even more applicable in such a case as this, where no other evidence was available, than under the circumstances involved in *George* v. *McManus*, 27 Cal.App. 414 [150 P. 73]. While the court in *National Auto. & Cas. Ins. Co.* v. *Ainge*, 34 Cal.2d 806 [215 P.2d 13] disapproved certain language in the McManus case relating to the failure to file a claim, the holding in that case with respect to section 1880, subdivision 3, has never been disapproved.

In 28 Ruling Case Law 494, it is stated that "Ordinarily a statute excluding the testimony of the surviving party, where

one of the original parties to a contract or cause of action is dead, applies to an action in tort as well as to an action on contract." In *Wadleigh* v. *Phelps,* 149 Cal. 627 [87 P. 93], in speaking of section 1880, the court said: "It is settled that this provision of our law applies only to actions upon such claims or demands against the decedent as might have been enforced against him in his lifetime by personal action for the recovery of money, and upon which a money judgment could have been rendered." In *Rose* v. *Southern Trust Co.,* 178 Cal. 580 [174 P. 28], in approving the exclusion of such testimony even where the deceased had testified at a prior trial, the court said that to permit its introduction because of the fact that the decedent had previously testified on the same subject and such testimony was available "would be judicial legislation." In *Adams* v. *Herman,* 106 Cal.App.2d 92 [234 P.2d 695], the court rejected a contention that section 1880, subdivision 3, was not applicable in an action for damages for fraud, pointing out that the statute itself makes no such exception and saying "The courts should not make exceptions where the Legislature has not seen fit to do so." As early as 1878, in *Estate of McCausland,* 52 Cal. 568, in referring to the third subdivision of section 1880, the court said: "The action or proceeding contemplated by the section referred to is one which is adverse to the estate, by which some relief is sought, which will diminish or impair the estate." The result in this respect would be the same in a tort action as in one based on contract. In *Stuart* v. *Lord,* 138 Cal. 672 [72 P. 142], it was held that the plaintiff was incompetent to testify for the purpose of denying that he had made certain admissions. In discussing section 1880 the court said: "Neither can it be said that the spirit or object of the statute justifies such a departure from its letter. It is true that it may be a hardship upon the plaintiff to be prevented by the law from contradicting the testimony of third persons as to admissions not made in the presence of deceased, but, on the other hand, it can be said with equal force, that it is a hardship on the estate that the deceased is prevented by death from denying any admissions against his interest which witnesses for the plaintiff may testify were made by him in his lifetime. The manifest object and purpose of the statute is to put them on an equal footing in respect to such evidence."

The plain words of this statute would reasonably seem to apply to the claim or demand which the appellant was at-

tempting to prosecute against this estate. The meaning and effect which is clearly suggested by the language used should be changed, if at all, by legislative action and not by implication through a court decision.

The judgment is affirmed

Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 8, 1957.