[Civ. No. 25357.    Second Dist., Div. Two.    Aug. 7, 1961.]

THE CITY OF LAWNDALE, Respondent, v. CITY OF TORRANCE et al., Appellants.

Stanley E. Remelmeyer, City Attorney, and Robert K. Dower, Assistant City Attorney, for Appellants.

Graham A. Ritchie, City Attorney, for Respondent.

FOX, P. J.—This action arises from intercity competition for the right to annex uninhabited territory. The city of Lawndale and the city of Torrance are both attempting to annex Alondra Park, which is a regional park owned by the county of Los Angeles. These annexation attempts were commenced by Lawndale's submitting two annexation proposals to the Boundary Commission of Los Angeles County, each of which included all the park and some other territory. They were submitted in May 1960, and entitled "Lawndale An-

nexations No. 2 and No. 3.'' On June 14, 1960, Torrance brought a mandamus proceeding in an attempt to prevent the processing of these boundary descriptions through the boundary commission. The superior court refused to issue an alternative writ, and nothing further was done with respect to these two annexation proposals.*

Following is a summary of the pertinent events relative to the current litigation: (1) On June 6, 1960, the City Council of Torrance adopted Resolution Number 3981 initiating proceedings to annex the territory of county-owned Alondra Park on its own motion, pursuant to section 35310 [Gov. Code] of the Uninhabited Annexation Act of 1939, and directed that a written description of the proposed annexation be filed with the secretary of the Boundary Commission of Los Angeles County. Prior to this time Torrance had not submitted any proposed boundary for this annexation to the boundary commission, as required by section 35002 of the Government Code. (2) On June 10, 1960, Lawndale, pursuant to council resolution, filed the proposed boundaries of Annexation Number 4 with the Boundary Commission of the County. The description of the area proposed to be annexed covered the exact boundaries of the county-owned Alondra Park. (3) On June 15, the boundary commission approved the boundaries of Lawndale's proposed Annexation Number 4. (4) On June 20, Lawndale adopted Resolution Number 86, commencing annexation proceedings covering the area represented by the proposed Annexation Number 4. (5) On June 22, the boundary commission approved boundaries for the proposed Torrance annexation of the territory described in its Resolution Number 3981, namely Alondra Park, the same territory that Lawndale is attempting to annex.

Section 35002, Government Code, provides in part: ''... nor shall any legislative body initiate proceedings to annex on its own motion, until a written description of the proposal for the annexation of territory to a city has been filed with the secretary of the boundary commission of the county. . . .'' The trial court granted a peremptory writ commanding Torrance

*These proceedings form the basis for the court's finding of fact 2 which reads: ''That at the time the defendant City of Torrance adopted Resolution No. 3981 referred to in plaintiff's Petition, they had knowledge of two proposed annexations of the City of Lawndale, then pending before the Boundary Commission of Los Angeles County, each of which proposals included within their boundaries all of the territory within the boundaries described in Resolution No. 3981 of the City of Torrance, described as the Torrance Alondra Park annexation.''

to terminate all proceedings in connection with its proposed annexation of Alondra Park, as per Resolution Number 3981, adopted June 6, 1960, and declared the Alondra Park annexation to be null and void. Torrance was also enjoined from taking any action to annex Alondra Park unless or until Lawndale ''terminates or otherwise abandons'' its pending annexation proceeding. Torrance has appealed.

The above summary covering the actions of the respective cities in connection with this annexation problem shows that Torrance first took action, on its own motion, on June 6th by adopting a resolution (No. 3981) initiating proceedings to annex Alondra Park. Torrance had not, however, prior thereto filed a written description of the proposal for the annexation of this territory with the boundary commission of the county as required by Government Code, section 35002.

It will also be noted from the chronology of events that Lawndale started out on June 10th by filing with the boundary commission the proposed boundaries of Annexation Number 4 (Alondra Park) which involved the same territory that Torrance was seeking to annex. On June 15th the boundary commission approved the boundaries of Lawndale's proposed annexation, and on June 20th Lawndale adopted Resolution Number 86, commencing proceedings for the annexation of Alondra Park. Two days later the boundary commission also approved the boundaries submitted pursuant to Torrance's Resolution Number 3981. It is thus apparent that Lawndale strictly followed the procedure provided in Government Code section 35002.

The court's decision in favor of Lawndale is based on the fact that it specifically followed the procedure set out in section 35002, while Torrance failed to follow that procedure in that it did not, prior to adopting its resolution initiating the annexation proceedings, submit the proposed boundaries of the territory to be annexed to the boundary commission for its approval. Thus we have two cities competing for the right to annex the same territory. In this procedural setting the court held that compliance with the provisions of section 35002 is mandatory.

This identical question, in a factual setting substantially the same as here, was recently considered and passed upon by Division One of this court in *People* ex rel. *City of Torrance* v. *City of Gardena,* 192 Cal.App.2d 686 [13 Cal. Rptr. 742]. (Hearing denied.) The court held that ''the re-

quirements of section 35002 are mandatory where the contest for annexation is between two cities.'' (P. 694.) We have examined the reasoning of the court and its analysis of the pertinent cases and have concluded that it arrived at the correct decision. We adopt the reasoning and analysis in that decision. We thus arrive at the same conclusion. It is therefore apparent that since Lawndale followed the procedural dictates of section 35002, and Torrance did not, the judgment must be affirmed.

The judgment is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.