[Civ. No. 6827. Fourth Dist. June 4, 1962.]

ANTHONY SILVA, Plaintiff and Appellant, v. CITY OF CYPRESS et al., Defendants and Respondents; NATIONAL THEATRE AND TELEVISION PROPERTIES, INC., Intervener and Respondent; WALTER KUPPENS et al., Real Parties in Interest.

Willard R. Pool for Plaintiff and Appellant.

William Camil for Defendants and Respondents, and Intervener and Respondent.

Launer, Chaffee, Hanna, Ward, Stack & Langhauser and Daniel L. Stack for Real Parties in Interest.

SHEPARD, Acting P. J.—This is an appeal from a judgment denying a writ of mandate.

## FACTS

Walter Kuppens and Mary Kuppens applied to the City of Cypress for a variance to build and operate a drive-in theater in said city, in an area zoned partly A-2 (heavy agricultural) and M-1 (light industrial). In accord with the city ordinance the application was made to the city planning commission. The ordinance provides that if the planning commission deems it necessary, it may hold a public hearing thereon and shall, not less than five days prior to such hearing, mail a notice of the time and place of such hearing to all property owners owning property within 300 feet of the property for which variance is petitioned, ownership to be taken from the county tax roll or as known to the clerk. If on the hearing the planning commission finds that practical difficulty, unnecessary hardships or results inconsistent with the general purpose and intent of the ordinance will occur through the

strict application of the regulations and that material detriment to the neighborhood will not result from issue of the variance permit it may recommend approval and transmit same with its findings to the city council with recommended conditions.

The planning commission gave notice of hearing on Kuppens' petition by mailing to all property owners owning property within the city within 300 feet of the subject property, but gave no notice to any owners outside the city. Some land lies within 300 feet outside the city. The planning commission held the hearing, recommended approval with conditions, and the city council granted the variance. No notice of the council's consideration of the variance is required by the ordinance and none was given.

Appellant herein petitioned the superior court for a writ of mandate to compel the city council to desist from issuance of the variance permit on the ground, *inter alia*, that lawful notice of hearing was not given. A temporary restraining order was issued. Both city and Kuppens appeared and pointed out, *inter alia*, that the petitioner had made no allegation showing that he was aggrieved and that therefore petitioner had no standing in court. A hearing was had, the trial court found against the petitioner, dismissed the writ, and this appeal followed.

An examination of the petition, the evidence and the findings reveal that petitioner failed to allege or submit any evidence that he was the owner or entitled to possession or had any interest in any property within the area concerned or anywhere else. He made no allegation nor introduced any evidence whatever to show that he had any personal rights or personal interest in the area affected or that he even resided in that area. He did not in any way show or attempt to show that he was detrimentally affected or aggrieved. Under such circumstances he has no standing in court.

As was said in *Parker* v. *Bowron,* 40 Cal.2d 344, 351 [7-9] [254 P.2d 6] : " 'The granting of a writ of mandate is discretionary and it will be granted only where necessary to protect a substantial right and only when it is shown that some substantial damage will be suffered by the petitioner if said writ is denied.' " [Citations.]

" 'The writ of mandate will not be issued except upon affidavit on the application of the party beneficially interested. . . ' [Citation.] " 'The writ of mandate will not issue in a case where the plaintiff fails to show that it will

subserve or protect some right or interest of his. . . . The writ will not lie "where it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance." ' "

This general rule that the party who asks relief from a court must be one who is in some way aggrieved by the act complained of has been before our courts in many forms. It has been uniformly held that in order to invoke the aid of a writ of mandate the party complaining must show some character of actual or potential interference with his rights of person or property. (*People* v. *Steelik,* 187 Cal. 361, 375 [6] [203 P. 78], challenge to constitutionality of a portion of a penal statute with which defendant was not charged; *Ex Parte Quong Wo,* 161 Cal. 220, 233 [9] [118 P. 714], challenge to zoning ordinance re area in which petitioner not located; *A. F. Estabrook Co.* v. *Industrial Acc. Com.,* 177 Cal. 767, 770 [2] [177 P. 848], challenge to constitutionality by persons not affected; *Brown* v. *City of Los Angeles,* 183 Cal. 783, 787 [2-3] [192 P. 716], challenge to zoning ordinance in re area not affecting petitioner; *In re Nowak,* 184 Cal. 701, 710 [7] [195 P. 402], petitioner not within class allegedly discriminated against; *In re Ellis,* 25 Cal.App.2d 99, 103 [3] [76 P.2d 516], zoning restriction on bus; *Potter* v. *City Council of City of Port Hueneme,* 102 Cal.App.2d 141, 144 [2] [227 P.2d 25], annexation in which petitioner had no interest; *Ault* v. *Council of City of San Rafael,* 17 Cal.2d 415, 417 [1] [110 P.2d 379], publication proposed charter amendment.)

In the case here at bar, neither the petition, the evidence nor the findings even suggest that petitioner owned any property or interest in property in any area affected or was potentially affected in any way. Nor is there any suggestion that he resides anywhere near the neighborhood or is actually or potentially aggrieved in any way personally. Under these circumstances the writ will not issue.

The judgment denying the writ is affirmed.

Coughlin, J., concurred.