[Civ. No. 7560. Fourth Dist., Div. Two. May 6, 1966.]

BUD FULLER et al., Plaintiffs and Respondents, v. THE SAN BERNARDINO VALLEY MUNICIPAL WATER DISTRICT et al., Defendants and Appellants.

54

Surr & Hellyer, Robert J. Webb, James W. Dilworth and John B. Surr for Defendants and Appellants.

Cosgrove, Cramer, Rindge & Barnum, John N. Cramer and J. D. Barnum, Jr., for Plaintiffs and Respondents.

Stanford D. Herlick, County Counsel, and John D. Watt, Deputy County Counsel, as Amici Curiae on behalf of Plaintiffs and Respondents.

TAMURA, J.—This is an appeal from a judgment directing the issuance of a peremptory writ of mandate ordering the appellants, San Bernardino Valley Municipal Water District (hereafter referred to as Valley District), organized pursuant to the Municipal Water District Act of 1911 as amended (hereafter referred to as Act of 1911)[1] and its board of directors, to terminate its proceedings for the annexation of lands underlying Big Bear Lake in San Bernardino County.

The facts are as follows:

Respondents, Bud Fuller et al., were proponents for the formation of a municipal water district in the County of San Bernardino, to be known as Big Bear Municipal Water District (hereafter referred to as New District), pursuant to the provisions of the Act of 1911. The boundaries of the proposed district included lands underlying Big Bear Lake. After receiving a favorable report from the County Boundary Commission, respondents circulated and on August 15, 1961, filed a petition for formation of the New District with the county clerk. On August 17, 1961, the registrar of voters certified that the peti-

---

[1] (Stats. 1911, ch. 671, p. 1290; West's Wat. Code-App. 20-1 et seq. [Deering's Wat. Code, Act 5243].) The Act was codified in 1963 as division 20 of the Water Code (§ 71000 et seq.) and named ''Municipal Water District Law of 1911.''

tion was signed by the requisite number of voters, and on September 5, 1961, the clerk presented it to the board of supervisors. Before any action could be taken by the board, it was served with a restraining order in *Yribarne* v. *County of San Bernardino, et al.* (Sup. Ct. No. 107244) wherein Yribarne, whose land was included in the proposed district, challenged the constitutionality of the Act of 1911 on grounds that it failed to provide a hearing on the question of benefits to his land and unlawfully delegated to the proponents the power to fix the boundaries. By virtue of the restraining order and subsequent preliminary injunction the board of supervisors was enjoined from calling an election on the question of formation of the New District pending final disposition of the action.[2] Respondents herein were granted leave to file an answer in intervention in the *Yribarne* case and participated therein both in the trial and appellate courts.

On December 13, 1961, the board of directors of Valley District adopted a resolution initiating proceedings for the annexation of the lands underlying Big Bear Lake, but on January 3, 1962, it ordered the proceedings postponed pending the *Yribarne* appeal. On January 9, 1962, the County Boundary Commission reported that the territory sought to be annexed was included in the boundaries of the proposed New District and recommended that Valley District not initiate annexation until the formation proceedings had been concluded or terminated. It reported, however, that the boundaries submitted were definite and certain.

On September 23, 1963, following the filing of the remittitur in the *Yribarne* case, the board of supervisors adopted a resolution finding that the petition filed on August 15, 1961, for the formation of the New District complied with the requirements of the Act of 1911 and ordered a formation election to be held on January 7, 1964.

On October 16, 1963, the Valley District board adopted a resolution declaring that it would not accept the January 9,

---

[2]On December 5, 1961, the *Yribarne* case was tried and a decision was rendered in favor of the county, holding that the Act of 1911 was constitutional. The injunction was maintained in effect, however, to afford Yribarne an opportunity to appeal. On July 17, 1963, the judgment was affirmed with directions to the trial court to dissolve the injunction. (*Yribarne* v. *County of San Bernardino*, 218 Cal.App.2d 369 [32 Cal. Rptr. 847].) Hearing was denied by the Supreme Court and the remittitur was filed on September 18, 1963. A subsequent attempted appeal to the United States Supreme Court was dismissed for want of a substantial federal question.

1962, boundary commission recommendation and reinitiated annexation proceedings fixing November 6, 1963, as the date for hearing protests.[3] Respondents thereupon filed this action and obtained an alternative writ directing Valley District to show cause why it should not terminate the annexation proceedings and restraining it from taking further action thereon pending the hearing. As a return, Valley District filed an answer and a transcript of the annexation proceedings. The petition and return raised the following legal issues:

1. Were petitioners beneficially interested within the meaning of sections 1069 and 1086 of the Code of Civil Procedure?

2. Did Valley District lack jurisdiction to annex the territory in question by virtue of the prior pending proceedings for the formation of the New District?

3. Did section 58862 of the Government Code relating to the resubmission of proposals for change of boundaries to the County Boundary Commission apply to proceedings for the annexation of territory to a municipal water district?

On November 19, 1963, the trial court rendered its decision in favor of petitioners on all issues and a judgment directing the issuance of a peremptory writ of mandate was entered on November 22, 1963. On that date appellants filed a notice of appeal and adopted an ordinance annexing the disputed territory.

The parties are in agreement that the issues on this appeal are the same as those presented to the trial court.

### Were Respondents Parties Beneficially Interested?

Appellants contend that respondents, as proponents of the New District, have not shown a sufficient beneficial interest to maintain this action.

Section 1069 (writ of review) and section 1086 (writ of mandate) of the Code of Civil Procedure provide that an application for a writ of review or writ of mandate must be by ". . . the party beneficially interested." ▮ A private individual may apply for the writ only where he has some special interest to be subserved or some particular right to be preserved or protected independent of that which he holds in common with the public at large. (*Parker* v. *Bowron,* 40

---

[3] A resolution reinitiating annexation proceedings was adopted by the Valley District board on October 2, 1963, but that resolution was rescinded presumably because the board had not theretofore adopted a resolution determining that it would not follow the recommendation of the boundary commission. Such a determination was required by section 58859 of the Government Code.

Cal.2d 344, 351 [254 P.2d 6]; *Ellis* v. *Workman,* 144 Cal. 113, 115 [77 P. 822]; *Eby* v. *School Trustees,* 87 Cal. 166 [25 P. 240].) ■ The writ will be granted only where necessary to protect a substantial right and it is shown that some substantial damage will be suffered if the writ is denied. (*Parker* v. *Bowron, supra; Grant* v. *Board of Medical Examiners,* 232 Cal.App.2d 820, 827 [43 Cal.Rptr. 270]; *Silva* v. *City of Cypress,* 204 Cal.App.2d 374, 376 [22 Cal.Rptr. 453].) An exception to the foregoing general rule is recognized where the question is one of public right and the object of the writ is to procure performance of a public duty. (*Hollman* v. *Warren,* 32 Cal.2d 351, 357 [196 P.2d 562]; *Pitts* v. *Perluss,* 58 Cal.2d 824, 829 [27 Cal.Rptr. 19, 377 P.2d 83]; *Kappadahl* v. *Alcan Pacific Co.,* 222 Cal.App.2d 626 [35 Cal.Rptr. 354]; *Board of Social Welfare* v. *County of Los Angeles,* 27 Cal.2d 98 [162 P.2d 627]; *Gogerty* v. *Coachella Valley Junior College Dist.,* 57 Cal.2d 727, 730, 732 [21 Cal.Rptr. 806, 371 P.2d 582].)

Among those who have been held to have a sufficient beneficial interest to apply for a writ of review or mandate to contest an annexation proceeding are a property owner within the territory sought to be annexed (*American Distilling Co.* v. *City Council,* 34 Cal.2d 660 [212 P.2d 704, 18 A.L.R.2d 1247]; *Guerrieri* v. *City of Fontana,* 232 Cal.App.2d 417, 419 [42 Cal.Rptr. 781]); a municipality competing for the annexation of all or part of the same territory (*Johnson* v. *City of San Pablo,* 132 Cal.App.2d 447, 458 [283 P.2d 57]); a school district, a portion of whose territory is sought to be annexed by a city and which, if accomplished, would automatically exclude the territory from the district. (*Jefferson Union School Dist.* v. *City Council of Sunnyvale,* 129 Cal.App.2d 264, 267 [277 P.2d 104].) ■ On the other hand, an individual with no interest other than that of a taxpayer of the annexing city does not have standing to sue. (*Potter* v. *City Council,* 102 Cal.App.2d 141 [227 P.2d 25]; *Wine* v. *Council of City of Los Angeles,* 177 Cal.App.2d 157 [2 Cal.Rptr. 94].)

Appellants contend that respondents do not have a sufficient beneficial interest in that they are neither property owners within the territory sought to be annexed by Valley District nor even property owners with the District. They argue that *American Distilling Co.* v. *City Council, supra,* 34 Cal.2d 660, as construed by *Potter* v. *City Council, supra,* 102 Cal. App.2d 141, and *Wine* v. *Council of City of Los Angeles, supra,* 177 Cal.App.2d 157, requires that a petitioner be a

property owner within the territory sought to be annexed. Those cases do not compel that conclusion.

*American Distilling Co.* v. *City Council, supra,* simply held that the fact of property ownership in the territory sought to be annexed constituted a sufficient showing of beneficial interest. In *Potter* v. *City Council, supra,* 102 Cal.App.2d 141, petitioners, taxpayers of the city and the county, alleged no facts showing they had a special interest distinct from that of any other taxpayer. Their attempted justification of standing to sue in a representative capacity to enforce a public right was rejected because they failed to establish that the city acted ". . . either without power or failed to obey statutory provisions relating to annexation." (P. 145.) Similarly, in *Wine* v. *City of Los Angeles, supra,* 177 Cal.App.2d 157, petitioners' only interest was as a taxpayer of the city. Their claimed right to maintain the action in a representative capacity likewise failed because no facts showing "fraud, ultra vires, collusion or a failure on the part of the council to perform any specifically enjoined duty" were alleged. (P. 164.) (See *Gogerty* v. *Coachella Valley Junior College Dist., supra,* 57 Cal.2d 727, 732, where *Potter* and *Wine, supra,* were distinguished on the issue of right of a taxpayer to sue in a representative capacity.)

██ In this case respondents have shown a special interest independent of that which they hold in common with taxpayers generally. In addition to being property owners in the proposed New District, they were the moving force in fixing its boundaries, securing boundary commission approval, and circulating and filing the petition for formation with the board of supervisors. Significantly, under the Act of 1911, the boundaries fixed by the proponents are not subject to modification by the board of supervisors. (*Yribarne* v. *County of San Bernardino,* 218 Cal.App.2d 369, 381-382 [32 Cal.Rptr. 847].) Moreover, once a valid petition is filed, the board *must* order an election on the question of formation. (§§ 71160 and 71161, Wat. Code, formerly Wat. Code App. 20-3 [Deering's Wat. Code, Act 5243].) Respondents, therefore, are in a true sense the real parties in interest in the formation proceedings. Clearly, the board of supervisors could have sought a writ of review or a writ of mandate to test the validity of the Valley District annexation proceedings. (*Johnson* v. *City of San Pablo,* 132 Cal.App.2d 447 [283 P.2d 57]; *Jefferson Union School Dist.* v. *City Council of Sunnyvale,* 129 Cal.App.2d 264

[277 P.2d 104].) In *Johnson* v. *City of San Pablo, supra,* in holding that a city competing for the annexation of the same territory had a sufficient interest, the court observed at page 458: "We think San Pablo has very definite justiciable 'interests' in the controversy. One is an interest that there be an early determination of the validity and relative priority of each of the proceedings." Respondents, as the real parties in interest, have a like interest.

Although the beneficial interest need not be pecuniary, (*Johnson* v. *City of San Pablo, supra; Baroldi* v. *Denni,* 197 Cal.App.2d 472 [17 Cal.Rptr. 647] ; see *County of San Berardino* v. *Harsh California Corp.,* 52 Cal.2d 341 [340 P.2d 617]), it is noted that the Act of 1911 provides that the district may, if formed, issue warrants to pay the formation expenses of the district including fees of attorneys and others employed to conduct the formation proceedings. (Subsec. 8, sec. 12, Act of 1911; §§ 71800, 71801, Wat. Code.) If the formation of the New District should fail by reason of the subsequent Valley District annexation, respondents would be unable to secure reimbursement for any formation expenditures they may have incurred.

Appellants argue that respondents' interests are too remote and indirect. They say *Parker* v. *Bowron, supra,* 40 Cal.2d 344 held that even the interest of a labor union in the maintenance of the wage scale of its members was insufficient to permit the secretary of the union to seek a writ of mandate to compel the city to fix wages for city employees at least equal to prevailing scale in similar employment in private industry. There, however, the petitioner, as an individual, failed to allege that he was an employee of the city or even that he was a resident or taxpayer thereof. Moreover, the court held he had no standing to sue on behalf of the union. As noted in *Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276, 284 (fn. 7) [32 Cal.Rptr. 830, 384 P.2d 158], the *Parker* decision followed from the then existing rule that an unincorporated association may not sue or be sued as an entity but that such action must be taken by or against the individual members.

Appellants also rely upon *Linden* v. *Board of Supervisors of Alameda County,* 45 Cal. 6, where the court held that a petitioner who alleged that he was an elector and one of the signers of a petition to change the location of the county seat did not have a sufficient beneficial interest to seek a writ of mandate to compel the board of supervisors to order an elec-

tion on the petition. The specific holding of that case, however, is questionable in view of the observation in *Eby* v. *Board of School Trustees*, 87 Cal. 166, 175 [25 P. 240], that *Linden, supra*, has been disregarded and, in effect, had been overruled by later cases. Indicative of this is *Baroldi* v. *Denni, supra*, 197 Cal.App.2d 472, where it was held that one who signed a petition for recall of city councilmen had been properly permitted to intervene in an action for the purpose of seeking a writ of mandate ordering the filing of the recall petition and directing the council to call the election. "Intervener was a signatory to the petition for recall. He was an elector interested in the success of the very petition whose effective operation was sought to be annulled." (P. 478.)

We conclude that respondents made a sufficient showing of beneficial interest to maintain this action.

### Did the Board of Supervisors Have Priority of Jurisdiction to Conduct the Formation Proceedings of the New District?

It is the respondents' position that since proceedings for the formation of the New District were validly pending when Valley District initiated annexation proceedings, the board of supervisors had jurisdiction to complete the formation proceedings to the exclusion of the subsequent attempted Valley District annexation. Appellants reply that the rule of priority is not applicable to quasi-municipal corporations such as a municipal water district.

It has long been the law in California that as between conflicting city annexations or an annexation and incorporation proceedings, the first to be validly instituted has priority to the exclusion of the later. (*People* ex rel. *City of Pasadena* v. *City of Monterey Park*, 40 Cal.App. 715 [181 P. 825]; *Johnson* v. *City of San Pablo*, 132 Cal.App.2d 447 [283 P.2d 57]; *People* ex rel. *Forde* v. *Town of Corte Madera*, 115 Cal.App.2d 32 [251 P.2d 988]; *City of Burlingame* v. *County of San Mateo*, 90 Cal.App.2d 705, 706 [203 P.2d 807]; *City of Cupertino* v. *City of San Jose*, 186 Cal.App.2d 29 [8 Cal.Rptr 525]; *City of Lawndale* v. *City of Torrance*, 194 Cal.App.2d 543 [15 Cal.Rptr. 372]; *City of Garden Grove* v. *City of Santa Ana*, 187 Cal.App.2d 533 [9 Cal.Rptr. 920].) While the rule has been made statutory as to cities, it was the common-law rule. (*People* v. *City of Monterey Park, supra.*) In *People* ex rel. *Forde* v. *Town of Corte Madera, supra*, at page 38, the court stated: "The rule conferring priority on the first city to file is

part of the public policy of the state. It was the rule at common law. (*People* v. *City of Monterey Park*, 40 Cal.App. 715 [181 P. 825].) In that case an annexation proceeding was first instituted and a later attempt was made to separately incorporate the area. The court held that section 7 of the Annexation Act of 1913 as amended in 1915 (Stats. 1915, ch. 149 at p. 309) conferring priority as between two conflicting annexation proceedings on the first to be instituted was declaratory of existing common law, and that the same rule applied where the conflict was between an annexation proceeding and an incorporation proceeding even in the absence of a statute.''

The common-law rule conferring priority to the proceeding first instituted was derived from the settled legal principle that as between courts of concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. See *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76, 81 [293 P.2d 18]. Thus, in *People* v. *City of Monterey Park, supra,* in applying the priority rule as between an incorporation and an annexation proceeding, the court relied upon and quoted from *People* ex rel. *Hathorne* v. *Morrow,* 181 Ill. 314 [54 N.E. 839] as follows: '' 'As between courts of co-ordinate jurisdiction, the tribunal first acquiring jurisdiction retains it, and is not to be interfered with by another co-ordinate court. The reason of the rule is that otherwise confusion and conflict would arise. Here power is given over the same territory to two parties authorized to act,—one a city council or board of trustees, who may attach it to a municipality to which it is adjacent; the other, a majority of the legal voters within its boundary, who may organize it into a village.' Further along it said 'It cannot, we think, be presumed that the legislature intended to give citizens and legal voters of certain territory the power to organize a village, and at the same time authorize other parties, by a subsequent proceeding, to defeat that right; and it is clear that to hold otherwise would be to bring into conflict, resulting in confusion, the two opposing powers, or, speaking in a general sense, jurisdictions. Had the petition for annexation been first presented to the city council, and its action postponed from time to time, until, by a subsequent proceeding, the organization of the territory into a village had been perfected, the same question would be presented, and we do not think in that case it could reasonably be held that the

power of the city council to carry out the annexation proceeding would be defeated. The question, as it arises under our statute and decisions, is a new one, and not wholly free from difficulty, but we think the foregoing views are sustained by both reason and authority.' ''

In *Taylor* v. *City of Ft. Wayne,* 47 Ind. 274, also cited in *People* v. *City of Monterey Park, supra,* proponents for the formation of a new city sought to prevent the *City of Ft. Wayne* from annexing a part of the territory of the proposed city on the ground that they had first filed their incorporation petition with the county board. In upholding that contention the court stated: ''The general assembly has authorized both proceedings. As we have seen, after an application has been filed before the commissioners . . . it is the duty of the commissioners to hear the application, and make such orders as the evidence introduced and steps taken by the petitioners entitle them to. The proceedings before the board of commissioners give that body jurisdiction over the subject matter, and it cannot be defeated by any act of the common council.

''Having acquired jurisdiction, it is their duty to retain it, and proceed to a final hearing and disposition of the application. [Citations.]

''It is a clear principle of jurisprudence that, when there exist two tribunals possessing concurrent and complete jurisdiction of a subject matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject.''

Appellants contend, however, that with respect to cities the rule of prior jurisdiction necessarily follows from the fact that two cities cannot exercise jurisdiction over the same territory at the same time. They maintain, however, that with respect to quasi-municipal corporations, such as municipal water districts, overlapping territory has long been sanctioned by the Legislature. They point particularly to the following provision of section 33 of the Act of 1911, added in 1941 (Stats. 1941, ch. 26, p. 463, § 12): ''The inclusion in, or annexation or addition to, a municipal water district, of the corporate area of any public corporation or public agency, shall not destroy the identity or legal existence or impair the powers of any such public corporation or public agency, notwithstanding the identity of purpose, or substantial identity of purpose, of such municipal water district.''

In 1955, however, section 33 was amended by the addition of

the following provision (Stats. 1955, ch. 1318, p. 2401 § 9):
"Except for formation proceedings commenced before the
effective date of the amendments to this act made by the 1955
Regular Session of the Legislature, no public corporation or
public agency having identity of purpose or substantial identity
of purpose shall be formed partly or entirely within a
municipal water district existing under this act without the
consent of such municipal water district."[4]

Thus, since 1955 consent is a condition precedent to
the formation of a new district containing in whole or in part
territory of an existing district or of the annexation by a
district of a portion of another district. Absent such consent
the proceedings are void. (*Hidden Valley Municipal Water
Dist.* v. *Calleguas Municipal Water Dist.*, 197 Cal.App.2d 411
[17 Cal.Rptr. 416].) See also *People* v. *Coachella Valley
County Water Dist.*, 232 Cal.App.2d 685, 690 [43 Cal.Rptr.
18].

Appellants contend that the consent requirement does not
give rise to a conflict in the instant case because it is required
only of an existing district; that there is no provision requiring
consent to annex territory of a proposed district. To accept
appellants' interpretation in the circumstances here presented
would mean that formation of the New District, at least to the
extent of the overlapping territory, would be void. (*Hidden
Valley Municipal Water Dist.* v. *Calleguas Municipal Water
Dist., supra,* 197 Cal.App.2d 411.) Indeed, it is probable that
formation would be completely nullified because the proposition
submitted to the voters was whether the New District
should be formed with the boundaries as proposed by respondents
and as published in the order calling the election, not as
modified by a subsequent annexation proceeding. When the
board of supervisors ordered the formation election as it was
bound to do, none of the territory was a part of any municipal
water district nor were there any proceedings pending to make
it so. It cannot be assumed that the Legislature intended jurisdiction
so vested and exercised by the board to be defeated by
a subsequently initiated annexation proceeding under the same
act.

The Legislature having made consent a condition precedent
to the overlap of district boundaries, to permit both proceed-

---

[4] In 1963 the first sentence of section 33, added in 1941, was codified as
section 71032 of the Water Code and the second sentence, added in 1955,
was codified as section 71033.

ings to go forward to conclusion would give rise to conflict and confusion. The reasons expressed in *People* v. *City of Monterey Park, supra,* 40 Cal.App. 715; *People* ex rel. *Hathorne* v. *Morrow, supra,* 181 Ill. 314 [54 N.E. 839], and *Taylor* v. *Fort Wayne, supra,* 47 Ind. 274, giving rise to the common-law rule of priority as between conflicting city annexations or annexation and incorporation proceedings are equally present here. Proceedings first initiated should have priority. Where the reason is the same the rule should be the same. (§ 3511, Civ. Code. *Miller* v. *Du Bois,* 153 Cal.App.2d 310, 313 [314 P.2d 27].)

Appellants contend that the existence of detailed provisions in the Act of 1911 prescribing the effect of conflicting annexation and incorporation proceedings between cities and municipal water districts (now §§ 71070-71081, Wat. Code) implies the absence of any general rule of priority between conflicting district proceedings. The argument is not persuasive. A city may annex territory or be incorporated without the consent of any quasi-municipal corporation whose territory may be affected. Any unincorporated territory, with certain qualifications not here relevant, may be annexed to a city or be incorporated.

We conclude that when a valid petition for the formation of a municipal water district is filed with the board of supervisors, it has jurisdiction to complete the proceedings to the exclusion of a subsequently initiated municipal water district annexation proceeding affecting any of the same territory. We need not determine whether the Valley District annexation would have been valid if the formation election had failed. The common-law rule of priority which we apply here may not require the same result as the statutory rule contained in section 35308 of the Government Code relating to cities which expressly prohibits the filing of a subsequent petition after the valid initiation of an incorporation or annexation proceeding.

It should be noted that by virtue of legislation enacted in 1965, the recurrence of the problem giving rise to this litigation is unlikely. (§ 54773 et seq., Gov. Code.) Section 54798 (Stats. 1965, § 21.1 ch. 2045, p. 4780) relating to the local agency formation commission, provides that ''If two or more proceedings affect any of the same territory or are in any way inconsistent with each other, as among or between said proceedings, priority of the right to proceed shall be determined

by the order in which said proceedings were initiated. . . ."

 It is also noted that although the consent requirement of section 71033 of the Water Code relating to municipal water districts was repealed in 1965, the District Reorganization Act of 1965 (Gov. Code, § 56000 et seq.) now makes that requirement applicable to all special districts, unless otherwise provided by the principal Act. (Gov. Code, § 56004.)

*Did Valley District Comply With the Requirement*
*of the County Boundary Commission Law?*

 The Valley District board submitted its annexation proposal to the County Boundary Commission in 1961. On January 9, 1962, the commission reported on the proposal but no further action was taken by Valley District until October 16, 1963, when it adopted a resolution determining not to follow the commission recommendation and reinitiated annexation proceedings. Respondents contend that the annexation proceeding was invalid because appellants failed to resubmit their proposal to the commission in compliance with section 58862 of the Government Code which provided as follows:[5] "If a proposal for a change of boundaries or incorporation of a new city or formation of a new district has been submitted to and a report made by the county boundary commission, and no further action has been taken by the proponents of the proposals for one year after such submission, the proposal shall be resubmitted to the commission before further proceedings may be conducted, in the same manner as if no submission to the commission had been made."

Appellants contend that the section applies only to proposals for the "formation of a new district" and not to a change of boundaries of a district. In any event, they argue that the requirement is merely directory, citing *Forest Lawn Co.* v. *City Council,* 60 Cal.2d 516 [35 Cal.Rptr. 65, 386 P.2d 665].

While the language of the section is somewhat ambiguous, the construction sought to be placed upon it by appellants is contrary to the obvious intent of the Legislature. The law required a proposal for a change of boundaries of a district as

[5]Section 58862 of the Government Code (Stats. 1961, ch. 550, p. 1661, § 1) was repealed in 1965 but see Government Code section 54799.2 enacted at the same session relating to local Agency Formation Commission proceedings.

well as for formation to be submitted to the boundary commission. (Former Gov. Code, § 58853.) We perceive no reasonable basis for concluding that the Legislature intended resubmission to be required only of a formation proposal, and none has been suggested.

*Forest Lawn Co.* v. *City Council, supra,* 60 Cal.2d 516, is clearly distinguishable. There, although the city council initiated annexation proceedings before submitting its proposal to the boundary commission, it did so during the course of the proceeding. There was thus substantial compliance with section 35001 of the Government Code. The holding that section 35001 was directory referred only to the time of submission and not that the proposal need not have been submitted at all. Moreover, this case involves a question of priority between conflicting proceedings. In such circumstances it has been held that strict compliance with the law relating to submission of proposals to the boundary commission is mandatory. (*People* ex rel. *City of Torrance* v. *City of Gardena,* 192 Cal.App.2d 686 [13 Cal.Rptr. 742] ; *City of Lawndale* v. *City of Torrance,* 194 Cal.App.2d 543 [15 Cal.Rptr. 372].)

We conclude that section 58862 of the Government Code required Valley District to resubmit to the County Boundary Commission its proposal for annexation.

For the foregoing reasons, judgment is affirmed.

Kerrigan, Acting P. J., concurred.